UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:21-CV-102

**TIFFANY MICHELLE PAXTON**

                  **Plaintiff,**

v.

**LVNV FUNDING, LLC, and JACOB LAW GROUP, PLLC**

                  **Defendant.**

**COMPLAINT**

**WITH DEMAND FOR TRIAL BY JURY**

**COMES NOW** Plaintiff Tiffany Michelle Paxton, by and through Counsel, and pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., and North Carolina General Statutes § 58-70-90, *et seq*., ("NCCAA"), respectfully plead to this Court the following:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

3. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

4. Plaintiff Tiffany Michelle Paxton (Paxton) is an individual and citizen of the State of North Carolina who currently resides in Iredell County, North Carolina.

5. Paxton is a Consumer pursuant to 14 U.S.C. § 1692a(3)

6. Paxton is a Consumer pursuant to N.C. Gen. Stat § 58-70-90(2).

7. LVNV Funding, LLC (LVNV), is a Nevada corporation which can be served by its registered agent Corporation Service Company at 2626 Glenwood Ave., Raleigh, North Carolina, 27608.

8. LVNV is a Debt Collector pursuant to 15 U.S.C. § 1692a(6).

9. LVNV is a Collection Agency pursuant to N.C. Gen. Stat. § 58-70-90(1).

10. Jacob Law Group, PLLC (JLG), is a Mississippi corporation that can be served through its principal agent Richard DaVoe at 1420 North Lamar Blvd., Suite 101, Oxford, Mississippi, 38655 or P.O. Box 1237, Oxford, Mississippi, 38655.

11. JLG has a physical address of 2623 W. Oxford Loop, Oxford, Mississippi, 38655-5442.

12. JLG is a Debt Collector pursuant to 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

13. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

14. In June, 2018, the Plaintiff began moving to North Carolina from her home in Mississippi.

15. In July, 2018, the Plaintiff completed her move to North Carolina.

16. October 26, 2018: LVNV filed suit against the Plaintiff in the Justice Court of Jackson County, Mississippi, Cause # 9018/3104.

17. The suit was based on an alleged debt to Credit One Bank, NA.

18. This is a Debt pursuant to 15 U.S.C. § 1692a(5).

19. This is a Debt pursuant to N.C. Gen. Stat. § 58-70-90(3).

20. JLG was counsel for LVNV in this action against the Plaintiff.

21. November 2, 2018: the Defendants served the complaint on Plaintiff at 3013 Breakwater Dr., Ocean Springs, Mississippi, 39564.

22. The Plaintiff has never resided or lived for any time or even visited anyone at 3013 Breakwater Dr., Ocean Springs, Mississippi, 39564.

23. The summons was posted at the 3013 Breakwater address by a Constable, and not left with any person.

24. December 12, 2018: the Defendants received a Judgment for $724.37 against the Plaintiff in the Justice Court of Jackson County, Mississippi.'

25. No copy of this Judgment was made available to the Plaintiff prior to garnishment or at any time until the Plaintiff obtained the help of counsel local to Jackson County, Mississippi in 2020.

26. May 7, 2020: the Defendants filed a "Suggestion for Garnishment" in Justice Court of Jackson County, Mississippi.

27. September 9, 2020: the Plaintiff received a garnishment notice by email from human resources department of her employers, Lowes Co., Inc.

28. The garnishment was in the amount of $812.27.

29. The garnishment referenced BOOK 9018, PAGE 3104, Jackson County, Mississippi; the same book and page as the Cause number filed against her.

30. This garnishment notice was also sent to her supervisor.

31. This caused the Plaintiff great humiliation.

32. The damages incurred by the Plaintifff could have been avoided had the Defendants served the Plaintiff according to the law and in a manner expected to provide actual notice to the Plaintiff.

33. September 9, 2020: the Plaintiff contacted JLG about the garnishment.

34. The JLG agent who spoke to the Plaintiff was rude, condescending and laughed at the Plaintiff.

35. The JLG agent would not provide any details about the garnishment or the original action against the Plaintiff.

36. The Plaintiff made multiple attempts to contact JLG to learn about this action against her and she was never allowed to speak to the attorney or learn any new information.

37. On or about September 30, 2020, Lowe's paid the garnishment to the Defendants from the Plaintiff's paycheck.

38. October 2, 2020: the Defendants sent a satisfaction of garnishment to the Justice Court of Jackson County, Mississippi, to cancel and release the garnishment.

39. All actions of the Defendants as stated herein were taken willfully and with malice.

40. All actions of the Defendants as stated herein with taken with conscious disregard for the law or proper collection procedures.

41. The acts complained of herein have resulted in loss of personal time, loss of income, loss of purchasing and buying power, inability to direct the lost funds toward the payment of debt, emotional distress and anguish, frustration and embarrassment on behalf of the Plaintiff.

## **VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692,** *et seq.***,**

42. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

43. Defendants have both violated 15 U.S.C. § 1692(f) by the following actions:
    a) serving the Plaintiff a complaint at an address where she never lived;
    b) serving the Plaintiff a complaint in a state she had not lived in for over three months;
    c) by obtaining a default judgment under these conditions;
    d) by obtaining a garnishment based on the improper default; and,
    e) by collecting on that improper judgment.

44. By filing a complaint and obtaining a judgment in a state where the Plaintiff did not live, the Defendants have employed a contrivance intended to prevent inquiry concerning the debt and the complaint against the Plaintiff.

45. Because of this contrivance, the Plaintiff was not (and should not have been) aware of facts that should have excited further inquiry on her part.

46. By serving the Defendant with that complaint at an address where she never lived, the Defendants have employed a contrivance intended to prevent inquiry concerning the debt and the complaint against the Plaintiff.

47. Because of this contrivance, the Plaintiff was not (and should not have been) aware of facts that should have excited further inquiry on her part.

## VIOLATIONS OF THE NCCAA, N.C. Gen Stat. § 58-70-90, *et seq*.
**As to LVNV Funding, LLC only.**

48. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

49. Pursuant to N.C. Gen. Stat. § 58-70-130(c), the actions described herein constitute unfair or deceptive acts or practices proscribed by N.C. Gen. Stat § 58-70-90, *et seq*., and G.S. 75-1.1

50. Pursuant to N.C. Gen. Stat. § 75-8, each week that this violation has continued has been a separate violation.

## DEMAND FOR JURY TRIAL

51. Plaintiffs exercise their right to a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests the following relief from the Court:

1. Compensatory damages against the Defendants in an amount to be determined at trial that will fairly and reasonably compensate the Plaintiff for the emotional distress, aggravation,

annoyance, humiliation, and financial hardship suffered as a result of the Defendants' unlawful acts;

2. Punitive damages against the Defendants in an amount to be determined at trial for the willful, wanton and/or reckless disregard for the Plaintiff's legal rights;

3. Statutory damages, an assessment of punitive damages against Defendants, plus attorneys' fees and costs pursuant to 15 U.S.C. § 1692k;

4. Actual damages to be determined at trial pursuant to N. C. Gen. Stat. §58-70-130(a);

5. Statutory damages of $4,000 per violation as allowed pursuant to N. C. Gen. Stat. §58-70-130(b);

6. Costs and reasonable attorney's fees pursuant to N.C. Gen. Stat. §§ 75-16.1 and §58-70-130(c);

7. A finding of separate violations for every week of ongoing violations pursuant to N.C. Gen. Stat. § 75-8; and,

8. For such further and relief that this Court may deem just, equitable and proper.

**TODAY** is July 8, 2021.

**COLLUM & PERRY**

By: */s/ M. Shane Perry*
M. Shane Perry
NC Bar Number: 35498
109 W. Statesville Ave.,
Mooresville, NC 28115
Telephone: 704-663-4187
Facsimile: 704-663-4178
shane@collumperry.com
*Attorney for Plaintiff*