# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:21-CV-00102-KDB-DSC

TIFFANY MICHELLE PAXTON,

**Plaintiff,**

v.

LVNV FUNDING LLC and JACOB LAW GROUP PLLC,

**Defendants.**

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on "Defendants' Renewed Motion to Dismiss" (Doc. 20) filed December 31, 2021.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1) and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Defendants' Renewed Motion to Dismiss" be granted.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On October 26, 2018, LVNV Funding LLC filed suit against Plaintiff in the Justice Court of Jackson County, Mississippi to recover a debt she owed to Credit One Bank. Doc. 1 at 2. Jacob Law Group PLLC represented LVNV in the action. Id. On Nov. 2, 2018, Defendants served the Complaint on Plaintiff at a Mississippi address which was not, nor had it ever been, her residence. Id. at 3. She had moved to North Carolina in July 2018. Id. at 2. On Dec. 12, 2018, the Justice Court entered a default judgment against Plaintiff in the amount of $724.37. Id. at 3. She did not receive a copy of the judgment. Id. Defendants filed a "Suggestion for Garnishment" on

May 7, 2020. Id. Plaintiff received notice of the garnishment via email from the human resources department of her employer. Id. The garnishment was paid from Plaintiff's paycheck on or about September 30, 2020. Id.

Plaintiff filed this action under the Fair Debt Collection Practices Act, alleging that Defendants violated 15 U.S.C. § 1692(f) by serving her at an address where she never lived; serving her in a state where she had not lived for over three months; obtaining a default judgment under these circumstances; obtaining a garnishment based upon the improper default; and collecting on an invalid judgment. Id. at 4. Plaintiff further alleges the Defendants violated N.C. Gen. Stat. § 58-70-130(c).

## II. DISCUSSION

### A. This Action is Barred by the Rooker-Feldman Doctrine

#### a. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era … it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]' that the pleader is entitled to relief," and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's Complaint fails under the Rooker-Feldman doctrine which bars actions attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers … rights." Johnson v. DeGrandy, 512 U.S. 997, 1005–06 (1994). See also District of

Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Whether evaluated as an attack on the judgment rendered by the Justice Court or the underlying proceeding, the Rooker-Feldman doctrine bars Plaintiff's action.

### III.    ORDER

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Amend Complaint" (Doc. 22) be **DENIED.**

### IV.    RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Renewed Motion to Dismiss" (Doc. 20) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE.**

### V.    NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315–16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Case 3:21-cv-00006-RJC-DSC Document 37 Filed 02/07/22 Page 12 of 13 Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845–46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED.**

Signed: February 15, 2022

David S. Cayer
United States Magistrate Judge