**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00102-KDB-DSC**

| | |
|---|---|
| **TIFFANY MICHELLE PAXTON,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **JACOB LAW GROUP, PLLC** **LVNV FUNDING, LLC,** | |
| **Defendants.** | |

     **THIS MATTER** is before the Court on the Defendant's renewed Motion to Dismiss (Doc. No. 20), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") entered February 16, 2022, (Doc. No. 25), and Plaintiff's Objection to the M&R (Doc. No. 26). The Court has carefully considered the motion, the parties' briefs, and the full record in this action. For the reasons discussed below, the Court will exercise its discretion to enter a **STAY** pending the conclusion of state-court proceedings in Mississippi that may make the Defendant's *Rooker-Feldman* argument moot or clarify its merits.

## I.  BACKGROUND

     In October 2018, LVNV Funding LLC filed suit in the Justice Court of Jackson County, Mississippi to recover a debt Plaintiff owed to Credit One Bank. (Doc. No. 1 at 2). Jacob Law Group PLLC represented LVNV in this Mississippi action. *Id*. Defendants served the Complaint on the Plaintiff at a Mississippi address which was not, nor had it ever been, her residence. *Id*. at 3. On Dec. 12, 2018, the Justice Court entered a default judgment against Plaintiff in the amount of $724.37. *Id*. at 3. Plaintiff contends she did not receive a copy of the judgment. *Id*. Defendants

1

then filed a "Suggestion for Garnishment" on May 7, 2020. *Id*. Plaintiff received notice of the garnishment via email from her employer's human resources department. *Id*. The garnishment was paid from Plaintiff's paycheck on or about September 30, 2020. *Id*.

Plaintiff filed a motion to set aside the judgment in Mississippi state-court, which was denied on December 15, 2021. (Doc. No. 19). On January 13, 2022, Plaintiff filed a notice of appeal in the County Court of Jackson County, Mississippi. The appeal is still pending.

Plaintiff filed this action in July 2021 asserting claims under the Fair Debt Collection Practices Act alleging that Defendants violated 15 U.S.C. § 1692(f) by: (1) serving her at an address where she never lived; (2) serving her in a state where she had not lived for over three months; (3) obtaining a default judgment under these circumstances; (4) obtaining a garnishment based upon the improper default; and (5) collecting on an invalid judgment. *Id*. at 4. Plaintiff also alleges the Defendants violated N.C. Gen. Stat. § 58-70-130(c).

## II.    DISCUSSION

At issue in the parties' claims and arguments, as well as the M&R, is whether the Plaintiff's claims in this action require this Court to, in effect, review the Mississippi state-court judgment against the Plaintiff. It is well established that federal district courts cannot exercise appellate authority over state-court judgements. *See Verizon Md. Inc. v. PSC*, 535 U.S. 635, 644 n.3, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002).  The Supreme Court is the only federal court that may exercise appellate jurisdiction over state-court judgments. *Hulsey v. Cisa*, 947 F.3d 246, 249 (4th Cir. 2020); 28 U.S.C. § 1257(a); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). More specifically, the *Rooker-Feldman* doctrine, which takes its name from two cases in which the Supreme Court applied these principles to bar district court jurisdiction over suits that were essentially appeals from state-court judgments,

reflects these principles of federalism and comity. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

As noted, in addition to filing this action Plaintiff has directly appealed the judgment against her in the Mississippi state-courts. Therefore, again consistent with the principles of federalism, this Court should consider whether it would be appropriate to stay this action pending the conclusion of Plaintiff's state-court proceedings. This Court has the "inherent power to stay proceedings to achieve equity and to ensure the efficient management of its docket." *See Van Laningham v. Allied Ins.*, No. 1:16CV948, 2017 U.S. Dist. LEXIS 233333, at *5 (M.D.N.C. Mar. 15, 2018). Courts have identified three factors to consider when granting a stay: (1) "the interests of judicial economy," (2) the "hardship and equity to the moving party" in the absence of a stay, and (3) the "potential prejudice to the non-moving party" in the event of a stay. *See, e.g.*, *White v. Ally Fin.*, Inc., 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013).

Having considered these factors, the Court will exercise its broad discretion to stay this matter until the conclusion of the Mississippi proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 1650 (1997) (District Courts have "broad discretion to stay proceedings as an incident to its power to control its own docket'). First, as the parties' arguments predominately concern the propriety of the Mississippi judgment it is in the interest of judicial economy to stay this matter until the appeal is resolved in Mississippi. This finality will clarify the arguments and the role of the Court in this matter. Second, neither party will be prejudiced by a stay. Plaintiff, in her objection to the M&R, alternatively asked for a stay and there is no evidence that a stay would prejudice the Defendants. Accordingly, because this case raises important questions that implicate the *Rooker-Feldman* doctrine and the Plaintiff is still in the process of appealing the Mississippi

state-court judgment, Doc. No. 21-2, the Court will stay this matter and defer ruling on the objection to the M&R until the conclusion of Plaintiff's state-court proceedings.

### III.    ORDER

**NOW THEREFORE IT IS ORDERED THAT** this matter be **STAYED** until the conclusion of the Plaintiff's appeal of the Mississippi judgment. The parties shall notify the Court within 10 days of the conclusion of those proceedings (together with a copy of the final decision rendered by the Mississippi courts) and file a status report every sixty (60) days until the conclusion of the Mississippi proceedings.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 21, 2022

Kenneth D. Bell
United States District Judge