IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00102-KDB-SCR

| | |
|---|---|
| TIFFANY MICHELLE PAXTON,<br><br>Plaintiff,<br><br>v.<br><br>JACOB LAW GROUP, PLLC,<br>AND LVNV FUNDING, LLC,<br><br>Defendants. | <u>ORDER</u> |

**THIS MATTER** is before the Court on Defendants Jacob Law Group, PLLC ("JLG") and LVNV Funding, LLC's ("LVNV") Motion to Dismiss (Doc. No. 20), Plaintiff Tiffany Michelle Paxton's Motion to Amend/Correct the Complaint (Doc. No. 22), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer entered on February 15, 2022 (Doc. No. 25), and Paxton's Objection (Doc. No. 26). The Court has carefully considered these motions, the M&R, the objection, and the parties' filings in support of their respective positions. For the reasons discussed below, the Court will **GRANT** Defendants' Motion to Dismiss and **DENY** Plaintiff's Motion to Amend/Correct as moot.

I.     LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

1

to which objection is made." 28 U.S.C. § 636(b)(1) (italics supplied). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. FACTS AND PROCEDURAL HISTORY

This action arises out of a debt collection proceeding in Jackson County, Mississippi. In July 2018, Plaintiff moved from Mississippi to North Carolina. *See* Doc. No. 1 at ¶ 14. In October 2018, LVNV filed suit against Plaintiff in the Justice Court of Jackson County, Mississippi to recover a debt allegedly owed to Credit One Bank, NA. *Id.* at ¶¶ 16-17. In November 2018, the Defendants served their Complaint at 3013 Breakwater Dr., Ocean Springs, Mississippi, 39564. *Id.* at ¶ 21. Plaintiff, however, asserts that she has never visited that address or lived there. *Id.* at ¶ 22. Defendants then received a default judgment against Plaintiff for $724.37. *Id.* at ¶ 24.

In May 2020, LVNV, through the efforts of JLG, successfully obtained a garnishment order and Plaintiff's employer subsequently garnished her wages that September, satisfying the debt. *Id.* at ¶¶ 26-27, 37-38. Plaintiff alleges that her supervisor was informed and that it caused her to be humiliated. *Id.* at ¶¶ 30-31. Plaintiff also contends that she was unable to gather any details about

2

the original action or subsequent garnishment from JLG despite multiple attempts to do so. *Id.* at ¶¶ 33-36.

Plaintiff brought this action in July 2021. She alleged several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and North Carolina General Statutes § 58-70-90, *et seq*. *See* Doc. No. 1. Defendants filed a motion to dismiss that was administratively denied as moot after the Magistrate Judge granted a motion to temporarily stay the proceedings. *See* Doc. No. 18. Defendants then renewed their Motion to Dismiss in December 2021 and Plaintiff filed her Motion to Amend/Correct in January 2022. *See* Doc. Nos. 20, 22. In February 2022, the Magistrate Judge issued the M&R, recommending that the Court grant Defendants' Motion to Dismiss because the *Rooker-Feldman* doctrine barred Plaintiff's claims. *See* Doc. No. 25. Following Plaintiff's Objection and the Defendants' Reply, the Court stayed the case until the conclusion of Plaintiff's appeal of the Mississippi default judgment.

In January 2024, the parties informed the Court that Plaintiff's appeal of the Mississippi judgment had concluded and the default judgment was set aside due to Paxton not having been properly served. *See* Doc. No. 38-1. At the Court's direction, the parties filed supplemental briefs addressing the effect of the appeal on this case. *See* Doc Nos. 38-40. Having been fully briefed, the pending motions are now ripe for the Court's review.

### III. DISCUSSION

In Plaintiff's Objection, she argues that the Magistrate Judge erred by finding her action to be barred under the *Rooker-Feldman* doctrine. For the reasons explained below, although the Court agrees with Plaintiff that her claims are not barred by the *Rooker-Feldman* doctrine and the Court arguably has personal jurisdiction over the Defendants, Paxton has failed to state a plausible claim

3

under the FDCPA. Therefore, the Court will dismiss her federal law claims and decline to exercise supplemental jurisdiction over her state law claim.[1]

> A. *Rooker-Feldman* **Doctrine**

The *Rooker-Feldman* doctrine is a jurisdictional inquiry that prohibits district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Although broadly stated, it is to be narrowly applied. *Id.* at 287 ("Since *Feldman*, this Court has never applied *Rooker-Feldman* to dismiss an action for want of jurisdiction.").

In cases involving the FDCPA, courts do not apply the doctrine to dismiss cases in which Plaintiff's claims relate to the manner in which the debt was collected, rather than the validity of the underlying debt. *See Senftle v. Landau*, 390 F. Supp. 2d 463, 469 (D. Md. 2005). In *Senftle*, the plaintiff's injuries "relate[d] to his creditor's alleged willful failure to give him notice of his rights, denial of his right to dispute the underlying debt, failure to disclose that it (or its agent) were debt collectors, and refusal to verify his debt, not the Circuit Court's judgment determining that the debt was valid." *Id.* at 470; *see also Deitemyer v. Ryback*, No. ELH-18-2002, 2019 WL 3587883, at 10 (D. Md. Aug. 6, 2019) (reiterating that FDCPA cases are not barred if they concern collection activities). Similar holdings have been made in courts outside this Circuit. *See e.g.*,

---

[1] "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). In order to prevent "needless decisions of state law" best left to state courts, the Court will decline to exercise jurisdiction at this time. *Hunt v. Branch Banking & Trust Co.*, 480 F. App'x 730, 732 (4th Cir. 2012) (alteration adopted) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

4

*Brooks v. Flagstar Bank, FSB*, No. 11-67, 2011 WL 2710026 (E.D. La. July 12, 2011); *Naranjo v. Universal Sur. of America,* 679 F. Supp. 2d 787 (S.D. Tex. 2010).

Here, Plaintiff alleges she was injured by improper service which deprived her of the chance to dispute the debt and subsequent garnishment of her wages. *See* Doc. No. 4. On the face of her Complaint, her allegations regarding how the Defendants came to obtain the default judgment do not attack the underlying debt, but instead challenge the manner in which it was collected. *Id.* Thus, her claims regarding how the debt was acquired are not barred under the *Rooker-Feldman* doctrine. However, because the Court may not sit in review of the state court, the Court cannot vacate the Mississippi judgment itself.

### B. Personal Jurisdiction

As a threshold matter, only JLG argues that this Court lacks personal jurisdiction. Thus, any argument with respect to the Court's jurisdiction over LVNV has been waived and the Court finds that it may properly exercise jurisdiction over that Defendant. *See* Fed. R. Civ. Proc. 12(h)(1) (a party waives the defense of personal jurisdiction if it is not asserted in a motion served in response to a complaint).

It is well established that there are two ways – general and specific jurisdiction – for a federal court to exercise personal jurisdiction over a defendant. *See, e.g., Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Ct. of Calif., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (emphasis in original) (citing *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction exists where a corporation's contacts with a state are so "continuous and systematic as to render [the corporation] essentially at home in the forum

5

State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear*, 564 U.S. at 920) (internal quotation marks omitted). The paradigm basis for the exercise of general jurisdiction for a corporation is its "place of incorporation and principal place of business." *Id.* at 137 (citation omitted). Here, the Complaint identifies JLG as a citizen of Mississippi. *See* Doc. No. 1 at ¶¶ 10-11. Thus, JLG is not "at home" in North Carolina and there is no general personal jurisdiction over JLG in this state.

As for specific personal jurisdiction, the Court can only exercise personal jurisdiction over a nonresident defendant if doing so comports with the North Carolina long-arm statute and the Fourteenth Amendment Due Process Clause. *See, e.g., Mitrano v. Hawes,* 377 F.3d 402, 406 (4th Cir. 2004). In North Carolina, where the long-arm statute extends personal jurisdiction to the limits of the Fourteenth Amendment's Due Process Clause, "the statutory inquiry merges with the constitutional inquiry." *Christian Sci. Bd. of Dirs. v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Specific jurisdiction depends on "an affiliation between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 918 (citations omitted).

For FDCPA claims, the Court can exercise personal jurisdiction in the forum where the debtor receives the communication when she "is located in a jurisdiction and receives documents from a person purporting to be a debt collector located elsewhere, and the transmittal of those documents is claimed to have violated the [FDCPA]." *Chartier v. M. Richard Epps, P.C.*, No. ELH-14-1071, 2014 WL 4748629, at *9 (D. Md. Sept. 23, 2014) (quoting *Sluys v. Hand,* 831 F. Supp. 321, 324 (S.D.N.Y.1993)). Importantly, courts "ha[ve] given great weight to the question of who initiated the contact between the parties" and are more likely to assert personal jurisdiction over a defendant if he or she initiated the contact. *WLC, LLC v. Watkins*, 454 F. Supp. 2d 426, 437 (M.D.N.C. 2006) (citing *Diamond Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*,

6

229 F.3d 488, 451 (4th Cir. 2000)). A single communication may suffice. *See Chartier*, 2014 WL 4748629, at *10 (collecting cases).

Here, Paxton alleged in her Complaint that the activities giving rise to her claim arose primarily in Mississippi and that her communications with JLG in North Carolina were self-initiated. *See* Doc. No. 4. Thus, the situs of the claims is Mississippi. However, Plaintiff submitted an affidavit to the Court in which Paxton testified that representatives of JLG called her to discuss the debt while she was living in North Carolina. *See* Paxton Affidavit, Nov. 3, 2021.[2] Thus, despite the fact that most of the allegations in the Complaint occurred in Mississippi, the Court may exercise personal jurisdiction over JLG because this specific allegation allows the Court to exercise jurisdiction.

Thus, the Court finds that it may exercise personal jurisdiction over JLG.

C. **Failure to State a Claim**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] Although Plaintiff's Complaint as alleged does not support a finding of jurisdiction, the Court may consider affidavits on a motion to dismiss for lack of personal jurisdiction. *See Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019) ("Unlike under Rule 12(b)(6), the court may also consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction.").

7

(citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court, for the purposes of a Rule 12(b)(6) motion, takes all factual allegations as true.[3] *See Ashcroft*, 556 U.S. at 678. However, a claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted).

In sum, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

A Plaintiff asserting FDCPA claims must allege "(1) she has been the object of collection activity arising from consumer debt; (2) the defendant qualifies as a debt collector under the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Justice v. M.N.S. & Associates, LLC*, 638 F. Supp. 3d 544, 560 (W.D.N.C. 2022). Notably, the FDCPA is a strict liability statute and "debtor[s] generally [are] not required to show an intentional or knowing violation on the part of the debt collector to recover damages under the FDCPA." *Russell v. Absolute Collection Services, Inc.*, 763 F.3d 385, 389 (4th Cir. 2014).

---

[3] When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)).

Under the FDCPA, a consumer is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A consumer debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 1692a(5). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. § 1692a(6).

In her Complaint, Paxton summarily alleges that she is a consumer, LVNV and JLG are debt collectors, and the alleged debt fits the statutory definition of consumer debt, although she has not asserted more than conclusory statements that these statutory definitions are met. *See* Doc. No. 4 at ¶¶ 5, 8, 12, 18. These deficiencies could be fatal to the Complaint. *See Brown v. Chase Auto-JP Morgan Chase Bank*, No. 23-1473, 2023 WL 3455615, at *2 (E.D. Pa. May 15, 2023) ("Brown claims that Chase and Advanced are 'debt collectors.' Compl. at 4. However, Brown offers no facts in support of this legal conclusion."); *but see Bradley v. Progress Residential Property Manager, LLC*, No. 3:20-cv-491-RJC-DCK, 2021 WL 2637355, at *4 (W.D.N.C. June 25, 2021) ("In support of its motion, Defendant contends that "[t]here is nothing in the Amended Complaint that adequately alleges that Plaintiff is a 'debt collector' within the meaning of the FDCPA." … Contrary to Defendant's contention, *pro se* Plaintiff's pleading unequivocally alleges that "Defendant is a 'debt collector' as defined by the FDCPA, 15 U.S.C. § 1692a (6)" and alleges that Defendant violated the FDCPA by not properly disclosing itself as a debt collector.")

9

However, because the Court finds below that she has failed to allege the third element of a FDCPA claim, it need not decide this issue.

To establish the third element of a FDCPA claim, Paxton must plausibly allege at least one act taken by the Defendants violated the FDCPA. Here, she alleges three separate provisions of the FDCPA were violated:

### 1. 15 U.S.C. § 1692e(8)

This provision prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." § 1692e(8). Paxton alleges this statutory provision was violated by "communicating to persons," presumably Paxton and her employer, "that there was a valid judgment against the Plaintiff for a debt." Doc. No. 4 at ⁋ 43. However, there was a valid judgment against Paxton, one that was duly entered by the Jackson County court. Further, any argument attacking the validity of the judgment itself would be barred by the *Rooker-Feldman* doctrine and so the Court finds that this allegation is not plausible.

### 2. 15 U.S.C. § 1692f

This provision states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…" § 1692f. The examples given in the statute do not appear to apply to Paxton's alleged violations, which are serving the complaint at an address where she never lived, after she moved from Mississippi, obtaining a default judgment under these conditions, obtaining the garnishment, and collecting on the improper judgment. Because the FDCPA is effectively a strict liability statute, Plaintiff need not allege that the Defendants knew

10

their actions violated the statute. *See Russell*, 763 F.3d at 389. However, she does have to allege the actions were unfair or unconscionable.

As stated above, because the Court cannot challenge the validity of the judgment, Paxton cannot allege it was unfair or unconscionable to garnish her wages or otherwise collect on the judgment. As for the address/notice-related allegation, Paxton has not plausibly alleged this was unfair or unconscionable in large part because she did not assert what her correct address was in Mississippi. *See Dikun v. Streich*, 369 F. Supp. 2d 781, 785 (E.D. Va. 2005) (dismissing FDCPA claims based on a failure to provide the name and address of the creditor where the plaintiff did not allege how the name used in the collection letter was erroneous or misleading).

Without any other allegations or information, the Court cannot find this allegation plausible because it is just as likely the service was given at the house next door to Plaintiff's former residence as it is that it was given multiple counties from where she lived. Paxton could have accidentally provided the served address in the contract that created the debt or the creditor, Credit One Bank, could have given Defendants the wrong information. Several of these fact patterns could raise the bona fide error defense and so the Court cannot find this allegation is plausibly alleged with so little factual information in Plaintiff's pleading.

### 3.     15 U.S.C. § 1692i(a)(2)

This part of the statute provides that a debt collector shall bring legal actions where the real property is located (to enforce an interest in real property), or if another type of debt, in the judicial district or similar legal entity where the consumer signed the contract giving rise to the debt, or where the consumer lives at the time the action commences. § 1692i(a)(2). Here, Paxton asserted this was violated because she was living in North Carolina at the time the collection action was initiated. However, while she alleges that she did not live in the relevant judicial district in

11

Mississippi, she does not address whether she signed the contract giving rise to the debt in that district. She says only that she "does not know if this is her debt at all." Because there is no information in the Complaint and it is Plaintiff's burden to plausibly allege facts supporting her claim, the Court again cannot find a violation of this section plausible on the limited facts that are alleged.

### D. Statute of Limitations

As a general rule, the one-year statute of limitations period begins to run when the alleged FDCPA violation occurred. *See* § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."); *see also Lembach v. Bierman*, 528 F. Appx 297, 301 (4th Cir. 2013) (per curiam) ("Ordinarily, the statute of limitations begins to run when the communication that violates the FDCPA is sent."). The general rule that a statute of limitations begins to toll upon discovery does not apply to the FDCPA. *See Rotkiske v. Klemm*, 140 S. Ct. 355, 360-61 (2019).

Defendants argue that the allegations in the Complaint are therefore time-barred. Under the one-year statute of limitations, the alleged violations occurred in 2018 and thus the clock would have run sometime in 2019. However, this case was not brought until 2021. Paxton says that the fraudulent concealment tolling doctrine applies in this case because she was served at the wrong address. The basis for this argument is that Defendants "employed a contrivance intended to prevent inquiry concerning a debt and the complaint against the Plaintiff" by bringing the case in Mississippi rather than North Carolina. *See* Doc. No. 4 at ⁋ 46. However, she does not allege any facts showing that the Defendants knew the address was wrong and so were engaged in fraudulent

concealment. Given that she had moved only 5 months before the debt collection complaint was filed, it is entirely plausible that Defendants thought she was still in the state when they served her (at the wrong address). Second, she has not alleged where she did live so it is hard to determine how grievous the error was. Being served miles from her home would make such a fraudulent tolling defense more likely just as being served close to home or at an address erroneously provided to Defendants would make such a defense less likely. As for the contention that Defendants knew Plaintiff's address based on a phone call they made to her in mid-to-late 2021 in which they confirmed her address, that took place more than two years after the default judgment was entered. Thus, it is plausible that Defendants truly did not know her address at the time they filed the debt collection action in Jackson County and were not engaged in fraudulent concealment.

In sum, based on the pleadings before the Court, Plaintiff has failed to timely or plausibly allege that the Defendants violated the FDCPA and so the Court will dismiss the case without prejudice.[4]

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 20) is **GRANTED;**

2. Plaintiff's Motion to Amend/Correct (Doc. No. 22) is **DENIED;**

3. The amended complaint (Doc. No. 4) is **DISMISSED** without prejudice; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

---

[4] By granting the Motion to Dismiss, the Court finds that Plaintiff's Motion to Amend/Correct (Doc. No. 22) is now moot. Further, the Court, upon its review of the proposed second amended complaint, finds that it does not address the issues discussed above and thus would not compel the Court to find otherwise on the Motion to Dismiss.

Signed: February 5, 2024

Kenneth D. Bell
United States District Judge